IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**HERMAN CHAMBERS, JR.,**

    Petitioner,

vs.                              Case No. 4:06cv64-RH/WCS

**FLORIDA PAROLE COMMISSION, et al.,**

    Respondents.

_____/

## REPORT AND RECOMMENDATION TO TRANSFER § 2254 PETITION

Pursuant to court orders, docs. 4 and 7, Petitioner filed an amended 28 U.S.C. § 2254 petition on court forms. Doc. 12. References to exhibits are to those attached to the amended petition.

Petitioner was incarcerated at Apalachee Correctional Institution when the initial petition was filed, and is now at Gulf Correctional Institution. He was convicted and sentenced to 40 years in Hillsborough County in 1973. Ex. Q. Petitioner does not challenge the underlying conviction, but the revocation of his parole by the Florida Parole Commission.

Petitioner was under parole supervision in Hillsborough County, and the incident – which resulted in separate criminal charges as well as his parole revocation – occurred in Hillsborough County.  Ex. P (revocations cover memorandum dated August 21, 2003).  On the separate criminal charges, Petitioner was acquitted of the first count, and the second count was dismissed.  Exs. M-O.

Jurisdiction is appropriate in this district and the Middle District as districts of confinement and conviction, respectively.  28 U.S.C. § 2241(d).  Though Petitioner does not challenge his underlying conviction, the district of conviction is also the district in which the violation of parole was committed and separate criminal charges were prosecuted.  Venue appears most appropriate in the Middle District.  *See* Mitchell v. Henderson, 432 F.2d 435, 436 (5th Cir.1970) (the purpose of § 2241, "of course, is to provide a more convenient forum for witnesses;" finding division of conviction, where witnesses were located, was appropriate venue over division of confinement in challenge to conviction); Parker v. Singletary, 974 F.2d 1562, 1582 and  n. 118 (11th Cir.1992) (court should give careful consideration to convenience of witnesses before transferring under § 2241(d), citing Mitchell).  *See also* Braden v. 30th Judicial District, 410 U.S. 484, 493-494, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973) (noting "traditional venue considerations," which include where the material events took place, where records and witnesses are likely to be found, and the convenience of petitioner and respondent).

It is therefore respectfully **RECOMMENDED** that this cause be **TRANSFERRED** to the Middle District of Florida for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 7, 2006.


  S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.